1  **THERESE S. HARRIS (SBN 246711)**
   Of Counsel
2  M. Harvey Rephen & Associates, P.C.
   935 Riverside Ave., Suite 7B
3  Paso Robles, CA  93446
   Telephone: (805) 369-2053
4  Fax:        (805) 715-7824
   Email Address: tharris@tharrislawoffice.com
5

6  Attorney for Plaintiff, PATRICIA MUNOZ

7
                **UNITED STATES DISTRICT COURT**
8
                **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11 **PATRICIA MUNOZ**, an individual,          **CASE NO:**

            Plaintiff,                          **COMPLAINT FOR DAMAGES**
12
        v.                                      **DEMAND FOR A JURY TRIAL**
13
   **UNITED RECOVERY SYSTEMS, LP**,
14
            Defendant.
15

16     Plaintiff PATRICIA MUNOZ ("Plaintiff"), by and through her attorneys, M.

17 Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant

18 UNITED RECOVERY SYSTEMS, LP (hereinafter referred to as "Defendant(s)" or

19 "URS"), respectively sets forth, complains and alleges, upon information and belief, the

20 following:

21                          **INTRODUCTION**

22     1.    Plaintiff brings this action on her own behalf for damages, statutory

23 damages, attorney fees and costs brought by an individual consumer for Defendant's

24 violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to

25 as the Fair Debt Collections Practices Act (hereinafter "FDCPA") and Rosenthal Fair

26 Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter

27 "RFDCPA" which prohibit debt collectors from engaging in abusive, deceptive and

28 unfair practices.

2.     According to 15 U.S.C. § 1692:

a.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.     The California Legislature has found that: The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

## PARTIES

4.     Plaintiff PATRICIA MUNOZ (hereinafter "Plaintiff"), is a natural person residing in North Hills, State of California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code §1788.2(h).

//

1      5.      Defendant UNITED RECOVERY SYSTEMS, LP ("URS"), is a Texas

2    limited partnership engaged in the business of debt collection with an office at 5800

3    North Course Drive, Houston, TX 77072.  The principal purpose of URS is the

4    collection of debts using the mails and telephone, and URS regularly attempts to collect

5    debts alleged to be due another.  URS is a "debt collector" within the meaning of 15

6    U.S.C. §1692a(6) and Cal. Civil Code § 1788.2(c).

7                   **JURISDICTION**

8      6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331,

9    as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has

10   pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C.

11   §1367(a).

12      7.      This action arises out of Defendants' violations of the Fair Debt Collection

13   Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

14                     **VENUE**

15      8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in

16   that a substantial part of the events or omissions giving rise to the claim occurred in

17   this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C.

18   § 1692k(d), in that Defendants transact business in this judicial district and the

19   violations of the FDCPA complained of occurred in this judicial district.

20              **FACTUAL ALLEGATIONS**

21      9.      Plaintiff incurred a financial obligation, namely a consumer credit

22   account.  The debt was incurred primarily for personal, family or household purposes

23   as is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer

24   debt" as that term is defined by Cal. Civil Code §1788.2(f).

25      10.     Plaintiff is informed and believes, and thereon alleges, that sometime

26   thereafter on date unknown to Plaintiff, the debt was consigned, placed or otherwise

27   transferred to Defendants for collection from Plaintiff. Upon information and belief,

28   //

1  Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt
2  from the Plaintiff.

3      11.    Upon information and belief, and better known to the Defendant, the
4  Defendant began its collection efforts and campaign of communications with the
5  Plaintiff on November 18, 2014 by placing a telephone call and leaving a voice message
6  on the Plaintiff's telephone number (818) 394-0688.

7      12.    Defendant's message consisted of a pre-recorded male voice saying:
8  "Please stay on the line for an important call."

9      13.    After the above recording, a representative of Defendant came on the line
10  and said, "This call will be recorded and monitored. Hello, my name is Aaron
11  Sebastian, may I speak with [Plaintiff] please." A short silence ensued after which the
12  call was disconnected.

13                          **FIRST CAUSE OF ACTION**
14                          *(Violations of the FDCPA)*

15      14.    Plaintiff repeats, re-alleges, and incorporates by reference all of the
16  paragraphs above as though fully stated herein.

17      15.    Pursuant to 15 USC §1692d(6), a debt collector may not place telephone
18  calls without meaningful disclosure of the caller's identity.

19      16.    In the telephone message left for Plaintiff by Defendant on November 18,
20  2014, neither Defendant's pre-recorded voice or Defendant's employee/representative,
21  "Aaron Sebastian," provided any disclosure regarding Defendant's identity, in
22  violation of 15 USC §1692d(6).

23      17.    15 USC §1692e(11) requires that a debt collector provide the information
24  that they are debt collectors attempting to collect a debt and that any information
25  obtained will be used for that purpose in every communication made with a consumer.

26      18.    The Defendant violated 15 USC §1692e(11) by failing to properly provide
27  the required disclosures in the message Defendant left on Plaintiff's telephone voice
28  mail on November 18, 2014.

*Munoz v. United Recovery Systems, LP*

19. 15 USC §1692f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

20. The Defendant violated 15 USC §1692f - preface when it unfairly and unconscionably trained, instructed and/or sanctioned the method of communication evidenced by Defendant's call to Plaintiff on November 18, 2014 in which a recorded voice instructed any individual in the home who might answer the telephone to "Please stay on the line for an important message." On the same call, Defendant's employee, "Aaron Sebastian," asked to speak with Plaintiff and upon realizing that no live person was on the line, hung up the telephone, creating further confusion. Defendant either unfairly fails to professionally train agents in proper communication technique or deliberately and unfairly denies consumers their right to receive proper information.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**

*(Violations of the RFDCPA)*

22. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

23. Plaintiff brings the second claim for relief against Defendant, URS, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

24. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

25. Defendant, URS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

26. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

//

27.     Defendant has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.     Placing telephone calls without disclosure of the caller's identity, pursuant to Cal. Civil Code § 1788.11(b).

28.     URS's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil § 1788.30(b).

29.     As a result of URS's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

30.     As a result of URS's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one Hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

31.     As a result of URS's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17.

32.     As a result of URS's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.

33.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## DEMAND FOR TRIAL BY JURY

34.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this court:

a.      Assume jurisdiction in this proceeding;

b.      Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692k(a)(1);

c.      Declare that URS violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.17 and 1788.30;

d.      Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e.      Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692d(a)(2)(A);

f.      Award Plaintiff a statutory penalty in an amount not less than $100 or greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g.      Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;

h.      Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

i.      Award Plaintiff such other and further relief as may be just and proper.

Dated: June ___, 2015

Respectfully submitted,

THERESE S. HARRIS (SBN 246711)
Of Counsel, M. Harvey Rephen & Associates, P.C.
Attorney for the Plaintiff, PATRICIA MUNOZ

To:   UNITED RECOVERY SYSTEMS, LP
5800 North Course Drive
Houston, Texas 77072

*(Via Prescribed Service)*

Clerk of the Court
Central District of California
United States Courthouse
312 North Spring Street
Los Angeles, CA 90012-4701
Telephone: (213) 894-1565
*(Via electronic filing)*